IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01834-GPG

MATTHEW ALAN SMITH,

      Plaintiff,

v.

PUBLIC STORAGE,

      Defendant.

---

## ORDER OF DISMISSAL

---

Plaintiff, Matthew Alan Smith, has submitted to the Court *pro se* a Complaint (ECF No. 1), an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 2), and a Motion for Stay of Proceedings (ECF No. 3). For the reasons stated below, the action will be dismissed.

Mr. Smith is subject to a sanction order that restricts his ability to file *pro se* actions. *See Smith v. Byron White 10th Circuit Fed. Court*, No. 14-cv-00669-LTB (D. Colo. Mar. 10, 2014). The sanction order was entered on April 4, 2014. (*See id.* at ECF No. 7.) In the sanction order Mr. Smith was "prohibited from filing any new action in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the District of Colorado unless he obtains permission to proceed *pro se*" by following the procedures specified in the sanction order. In order to proceed *pro se*, the sanction order requires Mr. Smith to submit to the Court a motion requesting leave to file a *pro se* action that includes certain information

along with a copy of the proposed new pleading to be filed in the *pro se* action.

Mr. Smith is not represented by an attorney in the instant action and he has not obtained leave of court to proceed *pro se*.  Mr. Smith also has not filed a motion for leave to file a *pro se* action as required by the sanction order in 14-cv-00669-LTB. Instead, he asks in the Motion for Stay of Proceedings that this action be stayed until counsel is provided for him or until he is able to afford counsel.  The Court construes the Motion for Stay of Proceedings as including a request for appointment of counsel.

The Motion for Stay of Proceedings and the request for appointment of counsel will be denied because Mr. Smith presents no argument or authority that would justify a stay or appointment of counsel.  With respect to appointment of counsel, the Court notes that there is no Sixth Amendment right to appointment of counsel in a civil action. *See Beaudry v. Corr. Corp. of America*, 331 F.3d 1164, 1169 (10th Cir. 2003).  The Court does have discretion to appoint counsel if Mr. Smith is allowed to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  *See* 28 U.S.C. § 1915(e)(1).  Under that discretionary authority, the factors to be considered generally include the merits of the claims, the nature of the factual issues raised, the plaintiff's ability to present his claims, and the complexity of the legal issues being raised.  *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995).  "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

Based on the Court's consideration of the relevant factors, Mr. Smith fails to demonstrate that appointment of counsel is appropriate.  There is no indication that Mr. Smith's claims have merit or that the Court has jurisdiction to consider those claims.

Furthermore, Mr. Smith continues to abuse the judicial system because the instant action is only one of four *pro se* actions filed the same day that do not comply with the sanction order. *See Smith v. Mauser*, No. 15-cv-01831-GPG (D. Colo. filed Aug. 24, 2015); *Smith v. Goertzel*, No. 15-cv-01832-GPG (D. Colo. filed Aug. 24, 2015); *Smith v. Adams County Combined Court*, No. 15-cv-01833-GPG (D. Colo. filed Aug. 24 , 2015). Finally, Mr. Smith may not circumvent the sanction order by requesting appointment of counsel without, at a minimum, explaining in detail what attempts he has made to find counsel on his own and why he has been unsuccessful in those attempts. Therefore, the action will be dismissed for failure to comply with the sanction order.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice for failure to comply with the sanction order restricting Plaintiff's ability to file *pro se* actions in this Court. It is

FURTHER ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 2) and the Motion for Stay of Proceedings (ECF No. 3) are DENIED. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this __27th__ day of __August__, 2015.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

4